Adam B. Stirrup, No. 257683
BARADAT & PABOOJIAN, INC.
720 West Alluvial Avenue
Fresno, California 93711-5705
Telephone:    (559) 431-5366
Facsimile:    (559) 431-1702
Email:        *abs@bplaw-inc.com*

Attorneys for Plaintiff, PARDIS KHANI

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARDIS KHANI,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | **CASE NO.**<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiff complains of Defendant and for a cause of action, alleges:

### FIRST CAUSE OF ACTION

*NEGLIGENCE – MEDICAL MALPRACTICE*

**I**

That this action is brought under the Federal Tort Claims Action 28 U.S.C., Sections 1346(b) and 2671, et. seq., that Plaintiff, PARDIS KHANI, is a citizen of the United States and resident of the State of California.

**II**

That on or about June 1, 2020, Plaintiff duly filed her Claim for Damages with Defendant through its agent, U.S. Department of Health & Human Services.  Plaintiff's Claim has not been acted

upon by said agency as of the date of this Complaint, and therefore Plaintiff elects to deem said non-response as a denial.

**III**

On or about May 22, 2020, Plaintiff filed a Complaint for Damages against United Health Centers of the San Joaquin Valley, Imade Osaghae, PA-C, and Sandra Bravo, LVN in the Superior Court, County of Fresno, in order that the statute of limitations of one year not bar recovery against United Health Centers of the San Joaquin Valley, Imade Osaghae, PA-C, and Sandra Bravo, LVN.

**IV**

Thereafter Defendant advised Plaintiff that United Health Centers of the San Joaquin Valley receives federal funding and United Health Centers of the San Joaquin Valley, Imade Osaghae, PA-C, and Sandra Bravo, LVN are deemed to be employees of the Public Health Service within the United States Department of Health and Human Services. See, Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233.

Because United Health Centers of the San Joaquin Valley is deemed to be a federal employee, tort actions against the clinic and its employees acting within the scope of their employment arising from medical or related functions must be brought against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § § 1346(b). 2671-80. See, 42 U.S.C. § 233(a).

On July 23, 2020, the United States Attorney removed Plaintiff's lawsuit to this Court pursuant to 42 U.S.C. § 233(c) and filed a certification that United Health Centers of the San Joaquin Valley, Imade Osaghae, PA-C, and Sandra Bravo, LVN were acting within the scope of their employment at the time of the events giving rise to the action. See, *Id.*

Thereafter, the United States was substituted as the federal defendant in place of United Health Centers of the San Joaquin Valley, Imade Osaghae, PA-C, and Sandra Bravo, LVN by operation of

---

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

2

law. *Id*. Plaintiff and Defendant then agreed and stipulated that the claims against the United States would be dismissed without prejudice and re-filed after Plaintiff filed her Claim for Damages with Defendant as set forth in Section II above. This Court entered an Order Re: Stipulation For Dismissal Without Prejudice on August 24, 2020.

## V

At all times mentioned herein, Defendant owned, operated, maintained, funded, and staffed a medical office and facility in the City of Sanger, County of Fresno, State of California, known as United Health Centers of the San Joaquin Valley for which Imade Osaghae, PA-C and Sandra Bravo, LVN were agents and employees.

## VI

At all times mentioned herein, Defendant employed and provided at said facilities, physicians, nurses and healthcare practitioners, including, but not limited to Imade Osaghae, PA-C and Sandra Bravo, LVN, duly licensed to practice medicine, nursing and other related providers in the State of California, and each of them has held themselves out, and has been held out by Defendant, to possess that degree of skill, ability and learning common to such medical practitioners in said community.

## VII

On or about June 5, 2019 through September 19, 2019, and at all times thereafter, Plaintiff consulted with United Health Centers of the San Joaquin Valley, Imade Osaghae, PA-C and Sandra Bravo, LVN for the purpose of obtaining a diagnosis and treatment of an injury, condition, and illness and employed United Health Centers of the San Joaquin Valley, Imade Osaghae, PA-C and Sandra Bravo, LVN to care for and treat her and to do those things necessary and proper in said care and treatment.

///

///

**VIII**

United Health Centers of the San Joaquin Valley undertook said employment and agreed to do all things reasonable, proper, and necessary in connection therewith, and United Health Centers of the San Joaquin Valley entered such employment, individually, and by and through their employees, servants and agents, including, but not limited to Imade Osaghae, PA-C and Sandra Bravo, LVN.

**IX**

Pursuant to said agreement, and on or about June 5, 2019 through September 19, 2019, Plaintiff was examined and underwent treatment for rashes, including a kenalog injection, as well as other diagnostic and therapeutic procedures and, thereafter, continued to be treated and cared for by United Health Centers of the San Joaquin Valley, but United Health Centers of the San Joaquin Valley, Imade Osaghae, PA-C and Sandra Bravo, LVN failed to use reasonable care or skill common to medical practitioners in the community and further, failed to use reasonable care in the diagnosis and treatment of said condition, illness, and injury, in that they did not provide her with proper treatment by improperly administering the kenalog injection or properly refer her for treatment resulting in injury and damage to her.

**X**

As a direct and legal result of the negligence and carelessness of Defendant, Plaintiff has suffered pain, weakness and muscle atrophy at the improper site of the kenalog injection in her left deltoid muscle. She is now physically disfigured and has lost the use of her left hand and arm, and as a result lost her employment and ability to be employed in the future. She has undergone extensive medical treatment and evaluation.

///

///

**XI**

As a direct and legal result of the negligence and carelessness of Defendant, Plaintiff has suffered past and future noneconomic damages, including, but not limited to, pain, suffering, disfigurement, physical impairment, anxiety, humiliation and emotional distress.

**XII**

As a direct and legal result of the negligence and carelessness of Defendant, Plaintiff was required to and did employ physicians and surgeons to examine, treat and care for her, and did incur in the past and will incur in the future, medical, hospital, and other related expenses for such examinations, treatment and care. It is anticipated that Plaintiff will undergo future operations in the near future and will incur future medical bills. The full extent of the amounts of the past and future medical expenses are presently unknown. However, Plaintiff is informed and believes and thereon alleges that the amount of these expenses is far in excess of the jurisdictional minimum of this Court.

**XIII**

As a direct and legal result of the negligence and carelessness of Defendant, Plaintiff has suffered a loss of earnings and will incur income losses in the future. Plaintiff was gainfully employed at the time of the incident, and has and will incur past and future wage loss due to her inability to work as a result of the injuries she sustained. Plaintiff is informed and believes and thereon alleges that the amount of the present value of her past and future income loss sustained is far in excess of the jurisdictional minimum of this Court.

WHEREFORE, Plaintiff prays judgment against Defendant, as follows:

1. For general damages in an amount in excess of the jurisdictional minimum, according to proof;

2. For hospital and medical expenses, past and future, according to proof;

3. For loss of financial earnings, past and future, according to proof;

4. For wage loss, past and future, according to proof;

5. For loss of earning capacity, according to proof;

6. For loss of the enjoyment of life, pain, suffering, disfigurement, physical impairment, anxiety, humiliation, emotional distress and other general damages, past and future, according to proof;

7. For all past and future damages;

8. All costs of suit incurred herein; and

9. For such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable pursuant to the Federal Rules of Civil Procedure.

DATED: January 5, 2021　　　　　　　　　　　　BARADAT & PABOOJIAN, INC.


By: /s/ ADAM B. STIRRUP
ADAM B. STIRRUP
Attorneys for Plaintiff,
PARDIS KHANI